IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Mr. James P. Lamb**<br>1775 I Street NW, Ste 1150<br>Washington, D.C. 20006<br><br>*Plaintiff*,<br><br>v.<br><br>**Federal Trade Commission**<br>600 Pennsylvania Avenue, NW<br>Washington, D.C. 20580<br><br>*Defendants*. | Case No. _____<br><br><br><br>**Verified Complaint For Declaratory and Injunctive Relief** |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Mr. James P. Lamb complains against Defendant as follows:

**Introduction**

1.      This is a civil action for declaratory and injunctive relief arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to order the production of agency records which Defendant has improperly withheld from plaintiff. The agency records requested concern communications between the FTC and various parties regarding: the organization DOTAuthority.com and its activities; the organization Interstateauthority.com and its activities; the organization JPL Enterprises International, Inc. and its activities; Logistec/TTS and its activities; the organization James P. Lamb & Associates and its activities; and James P. Lamb, in his individual and professional capacity.

2.      Under the FOIA, government agencies must provide access to most forms of government records, unless specifically exempted by the FOIA itself. Courts must narrowly construe the government's claimed exemptions, in order to provide maximum access to documents consistent with the FOIA.  *See Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973).

3.      When a government agency refuses to disclose a document, the burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions to the FOIA. 5 U.S.C. § 552(a)(3).

## Jurisdiction and Venue

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.      This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

6.      This Court has the authority to award costs and attorney's fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

7.      Venue is proper under 28 U.S.C. § 1391(e)(1)(B) because Defendant is an agency of the United States, and the documents that are the subject of this action are located in this district.

## Parties

8.      Plaintiff, James P. Lamb, an individual concerned about government overreach, requests these records. It has now been over a year since Mr. Lamb first requested the records from the FTC.

9.      Defendant, the Federal Trade Commission ("FTC"), is an agency of the United States and has possession of the documents Plaintiff seeks.

## Facts

10.     By letters dated November 11, 2016, and as amended on November 22, 2016, Plaintiff requested access to records of communications between the FTC and various parties regarding: Mr. James Lamb and his activities; the organization DOTAuthority.com and its

activities; the organization Interstateauthority.com and its activities; and Logistec/TTS and its activities. A copy of this letter and its amendment are attached as Exhibit 1.

11.     By letter dated December 8, 2016, Plaintiff requested access to records of communications between the FTC and various parties regarding: DOTAuthority.com and its activities; the organization JPL Enterprises International, Inc. and its activities; the organization James P. Lamb & Associates and its activities; and James P. Lamb, in his individual and professional capacity. A copy of this letter is attached as Exhibit 2.

12.     By letter received December 13, 2016, Defendant denied access to the records requested in Plaintiff's November 11, 2016, letter. Defendant claimed the requested documents were exempted from disclosure under Exemptions 3, 4, 5, 6, 7(A), 7©, 7(E). 5 U.S.C. §§ 552(b)(3),(b)(4),(b)(5),(b)(6),(b)(7)(A),(b)(7)( C),(b)(7)(E). Defendant assigned the designation FOIA-2017-00153 ("'153") to this matter. A copy of this letter is attached as Exhibit 3.

13.      By letter received January 12, 2017, Defendant denied access to the records requested in Plaintiff's December 8, 2016, letter. Defendant claimed the requested documents were exempted from disclosure under Exemptions 3, 4, 5, 6, 7(A), 7©, 7(D), 7(E). 5 U.S.C. §§ 552(b)(3),(b)(4),(b)(5),(b)(6),(b)(7)(A),(b)(7)( C),(b)(7)(D),(b)(7)(E). Defendant also claimed producing the documents requested would place an "unreasonable burden"on the agency. Defendant assigned the designation FOIA-2017-00243 ("'243") to this matter. A copy of this letter is attached as Exhibit 4.

14.     By letter dated January 18, 2017, Plaintiff appealed the denials in both '153 and '243. In this appeal, Plaintiff requested the FTC provide some documentation to support its exemption claims. In addition, Plaintiff provided legal justifications as to why the claimed exemptions were likely invalid for these requests. A copy of this letter is attached as Exhibit 5.

**15.**     By letter dated February 22, 2017, Defendant denied Plaintiff's appeal. For '153

and '243, Defendant denied the appeal on the basis that the $250 fee agreement limit had been

exhausted. Defendant noted that the fee in '243 had not been billed because its search had not

yielded any releasable material. In '243, Defendant agreed to review the records already located

and to identify and release any non-exempt information. A copy of this letter is attached as

Exhibit 6.

**16.**     By letter dated February 28, 2017, Plaintiff sought clarification from Defendant on

the fee agreement limit mentioned as the basis of the denial of Plaintiff's appeal. Plaintiff stated

he had not set an absolute limit of $250 in his request, but merely had asked to be given an

estimate of any fee above $250 prior to Defendant's review and potential release of requested

material. A copy of this letter is attached as Exhibit 7.

**17.**     By letter received March 1, 2017, Defendant stated a FOIA Branch representative

would contact Plaintiff to reach a fee agreement consistent with Defendant's rules. A copy of this

letter is attached as Exhibit 8.

**18.**     By letter received March 8, 2017, Defendant agreed to review the records already

located and detailed the priorities of the review and the new fee agreement between Plaintiff and

Defendant. Defendant assigned the designation FOIA-2017-00571 ("'571") to this matter. A copy

of this letter is attached as Exhibit 9.

**19.**     By letter received April 28, 2017, Defendant denied Plaintiff's appeal in '571.

Defendant claimed the requested documents were exempted from disclosure under Exemptions 3,

5, 6, 7©. 5 U.S.C. §§ 552(b)(3),(b)(5),(b)(6),(b)(7)( C). A copy of this letter is attached as Exhibit

10.

**20.**     By letter dated May 4, 2017, Plaintiff requested Defendant grant access to all

records in its possession relating to James P. Lamb. Plaintiff made this request pursuant to the

Privacy Act (PA), 5 U.S.C. § 552a. Plaintiff provided Defendant with the personal information of

James P. Lamb, including his birth date and social security A copy of this letter is attached as

Exhibit 11.

21.     By letter received May 23, 2017, Defendant denied Plaintiff's request under both

the PA and '571. Defendant claimed the requested documents were exempted from disclosure

under Exemption (k)(2) of the Privacy Act, 5 U.S.C. § 552a(k)(2), and Rule 4.13(m) of the FTC's

Rules of Practice. For '571, Defendant claimed the requested documents were exempted from

disclosure under Exemptions 3,  5, 6, 7(A), 7©. 5 U.S.C. §§

552(b)(3),(b)(5),(b)(6),(b)(7)(A),(b)(7)( C). Defendant assigned the designation FOIA-2017-

00884 ("'884") to this matter.  A copy of this letter is attached as Exhibit 12.

22.     By letter dated July 11, 2017, Plaintiff requested an appeal of '884. Plaintiff

requested Defendant provide substantiation for its claimed exemptions under both the PA and the

FOIA. A copy of this letter is attached as Exhibit 13.

23.     By letter dated August 8, 2017, Defendant denied Plaintiff's appeal in '884.

Defendant claimed the requested documents were exempted from disclosure under Exemptions 3,

5, 6, 7©. 5 U.S.C. §§ 552(b)(3),(b)(5),(b)(6),(b)(7)( C). Defendant refused to supply any

additional substantiation for its claimed exemptions. A copy of this letter is attached as Exhibit

14.

24.     Plaintiff has exhausted his administrative remedies and now seeks judicial review

of the decision to deny such access, as authorized by 5 U.S.C. § 552(a)(4)(B).

**Prayer for Relief**

Wherefore, Plaintiff requests the following relief:

1.      Declare that Defendant's failure to disclose records requested by Plaintiff is

unlawful;

2.      Order Defendant to provide access to the requested documents;

3.      Expedite this proceeding as provided for in 28 U.S.C. § 1657;

4.      Award Plaintiff costs and reasonable attorney's fees in this action, as provided in 5

U.S.C. § 552(a)(4)(E); and

5.      Grant such other and further relief as this Court may deem just and equitable.

Dated: December 27, 2017                          Respectfully submitted,


                                                 /s/ James Bopp, Jr.
                                                 James Bopp, Jr. (D.C. No. CO0041)
James Bopp, Jr. (D.C. No. CO0041)                THE BOPP LAW FIRM, PC
THE BOPP LAW FIRM, PC                             The National Building
The National Building                            1 South Sixth Street
1 South Sixth Street                             Terre Haute, IN 47807
Terre Haute, IN 47807                            Phone: (812) 232-2434
Phone: (812) 232-2434                            Fax: (812) 235-3685
Fax: (812) 235-3685                              Email: jboppjr@aol.com
Email: jboppjr@aol.com                           *Attorney for Plaintiff*
*Attorney for Plaintiff*

**Certificate of Service**

I hereby certify that on December 27, 2017, I electronically filed the foregoing with the

Clerk of the Court for the United States District Court for the District of Columbia by using the

Court's CM/ECF system.

I hereby certify that on December 27, 2017, I served a copy of the foregoing, via certifed

mail, to:

> Federal Trade Commission
> 600 Pennsylvania Avenue, NW
> Washington, D.C. 20580

> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

> United States Attorney's Office
> 555 4th Street, NW
> Washington, DC 20530

> s/ James Bopp, Jr.
> James Bopp, Jr. (D.C. No. CO0041)
> THE BOPP LAW FIRM, PC
> The National Building
> 1 South Sixth Street
> Terre Haute, IN 47807
> Phone: (812) 232-2434
> Fax: (812) 235-3685
> Email: jboppjr@aol.com
> *Attorney for Plaintiff*